

**FILED**

**FEB. 18, 2022**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-213 (UNA) |
| | ) | |
| | ) | |
| THOMAS P. DINAPOLI *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's complaint, Dkt. 1, and application to proceed *in forma pauperis*, Dkt. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Watertown, New York, has sued the State of New York's Department of Taxation and Finance and two individuals who may be Department employees, *see* Compl. Caption, alleging "RICO Act crimes . . . including but not limited to aiding & abetting government officials for IRS tax crimes and state and federal crimes." Compl. at 1. Plaintiff has demanded no relief, and his conclusory allegations provide no notice of a claim under the Racketeer Influenced Corrupt Organizations Act or any other federal law. *See Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991) (to state a civil RICO claim, a plaintiff must plead facts establishing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.").

Plaintiff also alleges that he was "a victim of unauthorized use" of his bank account, which resulted in the taking of "approximately $45,007.28" from his account "for the year of 2011 and 2012. *Id*. at 2. Plaintiff seeks "a review of [his] checking and savings account for provisional credits," Compl at 2, but he has not stated the basis of federal court jurisdiction if this claim is separate from the RICO claim. Regardless, a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated[.]" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (internal

quotation marks and citations omitted).  The instant complaint satisfies the foregoing standard and,

therefore, will be dismissed without prejudice.  A separate order accompanies this Memorandum

Opinion.

_____/s/_____
RANDOLPH D. MOSS
United States District Judge

Date: February 18, 2022